UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL LAX, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:20-cv-01938-JMS-MJD |
| ) | |
| COMPLETE PROPERTY CARE MANAGER AND THE ) | |
| PRIVATE OWNER OF UNIT 807 S SHIPLEY STREET, ) | |
| EPIC INSURANCE SOLUTION, and CITY OF MUNCIE ) | |
| MAYOR, ) | |
| ) | |
| *Defendants*. ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*,
SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Pending before the Court are Plaintiff Crystal Lax's Complaint, [Filing No. 1], and Motion to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order first addresses Ms. Lax's Motion to Proceed *In Forma Pauperis*, then screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs further proceedings.

**I.
MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Lax's Motion to Proceed *In Forma Pauperis*, [2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original).

1

The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B. Complaint**

Ms. Lax sets forth the following allegations in the Complaint, which the court must accept as true at this time:

> Wireless spy camera, audio listening device, phone hack intruders invading all property owner rights. Complete property care men attemp[t]ing to pick up my daughter Dominique Lax whose currently missing for 58 days. Signs of rape, human trafficking of unexplain[ed] flight tickets in her email. The spy camera seem to be use[d] to see. What type of work I[']ve done on the house. Illegal publicizing me like I[']m being live stream without my consent. Being verbal called name, harass…. Followed everywhere I go.
>
> From September 2017 to current grossly hateful intense level of criminal harassment to cause as a result to be uncomfortable living in my own property. Sleeping with pulled curtains around sleeping, bathroom areas and [ ]even sheets out around my front doors. These mainly group of white people would harass me non stop. It[']s upsetting, trigger PTSD outburst often. Police never done or made an effort to conduct a investigation on these matter. Chief of police never respond, I called the Mayor off. No response. No relief anywhere. As if. The harassment are being allowed to increa[s]e by people who believe blacks don[']t deserve to own a home. Sneaful, sly conspiring mischief to take it away from my family. After years of living on skidrow and these people outside of the family are putting us through unnecessarily injuries.

[Filing No. 1 at 4.]

> Ms. Lax also alleges that:
>
> I just wanted to be left alone and live at peace with people. I feel like they attempt to force us in a race war we had nothing to do with. Our family just was looking to be stable for a change.
>
> \*           \*           \*
>
> I have a right to live how I desire and where without my family being cruelly mistreated unfairly. Racist people don[']t own the city of Muncie. The United States of America Corporation are the property own for all United States Citizens to move and live in. It[']s suppose to be diversity in business and community.
>
> My black daughter Dominque being harass in 2018 to current from Muncie to Indianapolis. Being thrown in mental hospital…behind my back as her power of Attorney. No phone calls. Even when I had her reported missing or over 40 days.
>
> Pattern of racial arrest since in the state of Indiana. Compare to her previous record. Signs of human trafficking. Her love for iphones gets taken to stay isolated from her blood family. Like we were prey[ed] upon as black women and no one cared.

[Filing No. 1 at 5.]

3

Under the section of the form Complaint titled "Basis for Jurisdiction," Ms. Lax states that she is suing under 42 U.S.C. § 1983 for "Deprivation of rights as a…private homeowner Civil Rights, Privacy Invasion, Deprivation of 13th Amendment rights." [Filing No. 1 at 3.]

**C. Discussion**

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence," *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), but "it is always a federal court's responsibility to ensure it has jurisdiction," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). As such, before delving into the substance of Ms. Lax's claims, the Court must first determine whether it has jurisdiction to hear such claims to begin with. "Under 28 U.S.C. § 1331, district courts have federal question jurisdiction in civil cases 'arising under the Constitution, laws, or treaties of the United States.'" *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir. 1993). Ms. Lax appears to allege claims under § 1983 for "deprivation of rights as a private homeowner," "civil rights," and "deprivation of 13th Amendment rights," and under state law for invasion of privacy.

The Court notes at the outset that Federal Rule of Civil Procedure 8 requires that Ms. Lax include "a short and plain statement of the claim showing that the pleader is entitled to relief." Ms. Lax fails to allege specifically what happened, who took the alleged actions, and what she wants as relief in connection with all of her claims, and her claims could be dismissed on that basis alone. Nevertheless, the Court will address other substantive deficiencies with her claims below.

   *1. § 1983 Claims*

The Court finds that it has federal question jurisdiction over Ms. Lax's § 1983 claims, and addresses those claims first. Ms. Lax appears to allege that her constitutional rights have been violated because she is being spied on, her daughter has been abducted for human trafficking, she has been harassed by white people, and the police have done nothing to help her. [*See* Filing No. 1 at 4.] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

    a. § 1983 Claims Against "Complete Property Care Manager and the Private Owner of Unit 807 S Shipley Street" and Epic Insurance Solutions

To the extent Ms. Lax intends to bring her § 1983 claims for violation of her civil rights against Defendants "Complete Property Care Manager and the Private Owner of Unit 807 S Shipley Street" and Epic Insurance Solution, she has not alleged facts satisfying the "under color of state law" requirement of that statute. *See, e.g.*, *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) ("§ 1983 actions may only be maintained against defendants who act under color of state law…"). Ms. Lax cannot maintain a cause of action for the alleged violation of her constitutional rights by a private individual or a private company. *Id.* ("And although private persons may also be sued under § 1983 when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful") (internal quotation marks and citation omitted). Additionally, Epic Insurance Solution is not a "person" subject to

5

suit under § 1983. 42 U.S.C. § 1983 (providing that "[e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…."). Ms. Lax's § 1983 claims against "Complete Property Care Manager and the Private Owner of Unit 807 S Shipley Street" and Epic Insurance Solution fail as a matter of law.

### b. § 1983 Claims Against the City of Muncie Mayor

Ms. Lax sues the Mayor of Muncie in his official capacity. [Filing No. 1 at 3.] The Seventh Circuit has instructed that this is the same as suing the City of Muncie itself, and the Court will therefore treat this claim as solely against the City. *See Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (stating, in a suit against a city and the mayor of the city in his official capacity, that "there is one defendant – the city – not two; for the complaint names the mayor as a defendant in his official capacity only, which is the equivalent of suing the city").

To hold a municipality liable under § 1983, "the violation of the plaintiff's rights must result from a municipal custom or policy." *Ball v. City of Indianapolis*, 760 F.3d 636, 643 (7th Cir. 2014). In order to allege that an individual's civil rights under § 1983 have been violated by a municipal policy, a plaintiff must allege that: "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Ms. Lax has not alleged any of these elements. Indeed, her Complaint

6

contains no mention of a policy on the part of the City of Muncie that led to the alleged constitutional violations.[1]

Because Ms. Lax has failed to state a claim for § 1983 violations against any of the Defendants, her § 1983 claims are **DISMISSED WITHOUT PREJUDICE**.

### 2. *Invasion of Privacy Claim*

Because Ms. Lax has not stated a federal claim, the Court is without supplemental jurisdiction to consider her state law invasion of privacy claim. Accordingly, that claim is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The Court is mindful of Ms. Lax's *pro se* status and its attendant duty to construe her pleadings liberally. *See, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019). Nevertheless, because Ms. Lax's factual allegations do not state a plausible federal claim for relief, and since the Court does not have supplemental jurisdiction to consider her state law claim, her Complaint must be dismissed. Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, Ms. Lax shall have until **September 4, 2020** to file an Amended Complaint that sets forth a basis for this Court to exercise jurisdiction and provides "a short and plain statement of the claim[s] showing that [she] is entitled to relief," Fed. R. Civ. P. 8.

---

[1] The Court notes that in May 2020, Ms. Lax filed a Complaint against the City of Muncie, Indiana alleging some of the same claims that she alleges in this case against the Mayor of Muncie. *Lax v. City of Muncie, Indiana*, 1:20-cv-1358-JPH-MJD. Her Complaint in that case was dismissed with prejudice just a few weeks before she filed this case. [*See* Filing No. 12 in 1:20-cv-1358-JPH-MJD.] To the extent her claims in this case against the Mayor of Muncie are duplicative of the claims that she alleged in her other lawsuit against the City of Muncie, the Court dismisses her claims against the Mayor of Muncie on that basis as well, as barred by res judicata.

## III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Plaintiff's request to proceed *in forma pauperis*, [2], is **GRANTED.**

2. Plaintiff's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**.

3. Ms. Lax shall have until **September 4, 2020** to file an Amended Complaint that addresses the deficiencies in this Order and otherwise complies with federal pleading standards. Failure to do so may result in dismissal of this case for lack of jurisdiction.

Date: 8/5/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Crystal Lax
805 S. Shipley Street
Muncie, IN 47302